|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| TYRONE JOHNSON, | | CASE NO. C17-5403-MJP |
| Plaintiff, | | ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO PRODUCE EXPERT REPORTS |
| v. | | |
| CITY OF OLYMPIA, et al. | | |
| Defendants. | | |

THIS MATTER comes before the Court on Plaintiff's Motion for Extension of Time to Produce Expert Reports. (Dkt. No. 30.) Having reviewed the Motion, the Response (Dkt. No. 33), and all related papers, the Court rules as follows:

Under the Court's Scheduling Order, expert disclosures and reports were due by December 26, 2017. (Dkt. No. 18.) Counsel for Plaintiff filed this Motion on January 18, 2018 seeking an extension. (Dkt. No. 30.) Counsel claims they were unable to timely retain experts and prepare expert reports because they could not reach their client "for the last few months" to authorize expert expenses. (Id. at 3.) Counsel claims this lapse in communication was due in part to personal circumstances suffered by Plaintiff, including hospitalization and suspension of

ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO PRODUCE EXPERT REPORTS - 1

his phone and internet service. (Id.) However, counsel fails to provide any evidence that would assist the Court in understanding their failure to carry through in an organized fashion or their delay in filing this Motion. For example, counsel fails to identify (1) the date on which they last had contact with their client before the expert disclosure deadline; (2) the date on which they were able to contact their client after the expert disclosure deadline; (3) the reasons they were unable to discuss authorization of expenses with their client before the deadline or at the time of engagement; (4) the date on which the experts were first contacted and the date on which they were retained; and (5) the date on which counsel first contacted Defendants to request a stipulated extension. Further, counsel fails to explain why they were unable to file this Motion until three weeks after the deadline for expert disclosures and reports.

Discovery in this case is not set to close until May 18, 2018, and extending the deadline for expert reports would not prejudice Defendants. While the Court ordinarily would be inclined to grant this Motion, it cannot do so based upon the record submitted by Plaintiff's counsel.

Therefore, the Court DENIES Plaintiff's Motion without prejudice. Should Plaintiff wish to file additional evidence in support of its Motion, it may do so within five (5) days.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 6, 2018.

Marsha J. Pechman
United States District Judge