UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TYRONE JOHNSON,<br><br>      Plaintiff,<br><br>  v.<br><br>CITY OF OLYMPIA, et al.,<br><br>      Defendants. | CASE NO. C17-5403-MJP<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Discovery Responses and Motion for Attorney Fees. (Dkt. No. 38.) Having reviewed the Motion, the Response (Dkt. No. 41), the Reply (Dkt. No. 43) and all related papers, the Court GRANTS IN PART and DENIES IN PART the Motion to Compel and DENIES the Motion for Attorney Fees.

**Background**

Plaintiff Tyrone Johnson filed this suit against Defendants City of Olympia and the City of Olympia Police Department (the "City of Olympia Defendants"), and Officers Ryan Donald, George Clark, Jonathan Hazen, Eric Henrichsen, Matthew Renschler, and Randy Wilson (the "Individual Officers") for police misconduct. (See Dkt. No. 1.) Plaintiff alleges that in May

2014, Defendants handcuffed him, forced him to the ground, and pointed handguns and assault-style weapons at him unlawfully and without probable cause. (Id.) During the course of discovery, Plaintiff served various requests, to which he claims Defendants have failed to provide adequate responses. (Dkt. No. 38 at 5-11.) Plaintiff now moves to compel complete responses to these requests.

## Discussion

Plaintiff served his discovery requests on February 5, 2018. (Id. at 4.) To date, Plaintiff claims that Defendant has provided incomplete or inadequate responses and has failed to provide a privilege log. (Id.) Plaintiff asks the Court to compel Defendants to provide more complete responses to the following requests:

**Interrogatories No. 14, 14, 18, and 19** and **RFPs No. 2, 5, 6, 8, 9, 10, and 12-25** are directed to the City of Olympia Defendants and seek information relating to, inter alia, its police protocols and policies, its investigation of the May 2014 incident, and its personnel files for the Individual Officers. (Id. at 5-8.)

**Interrogatories No. 5, 8, 10, 11-14, 16-17, 27, 19, 20, and 22** and **RFPs No. 2, 3, 4-11, 13, and 14** are directed to Individual Defendant Ryan Donald and seek information relating to, inter alia, his employment history, his medical records, his social media posts, and his communications concerning the May 2014 incident. (Id. at 9-11.)

In general, the Court finds that these requests are overbroad or unduly burdensome or have already been adequately responded to by Defendants. However, to the extent that Defendants have withheld documents under a claim of privilege, they must provide a privilege log "describ[ing] the nature of the documents, communications, or tangible things not produced

or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(i)-(ii).

With regard to **RFP No. 6** directed to the City of Olympia and **RFP No. 9** directed to Officer Donald, the Court finds that the requested personnel documents are both relevant to the claims and defenses in this litigation and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). With the exception of information specifically exempt from public inspection under RCW 42.56.250, responsive documents must be turned over.[1]

**Conclusion**

The Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Compel and rules as follows:

1. Defendants are ORDERED to provide Plaintiff with documents responsive to RFP No. 6 to the City of Olympia and RFP No. 9 to Officer Donald, with the exception of information exempt from public inspection under RCW 42.56.250.
2. To the extent they have withheld any information on the basis of privilege, Defendants are ORDERED to provide a privilege log in accordance with Fed. R. Civ. P. 26(b)(5)(i)-(ii) within seven (7) days of the date of this Order.
3. After reviewing the privilege log, Plaintiffs may request further review of specific documents or communications that have been withheld based on a claim of privilege.
4. Plaintiff's Motion for Attorney Fees is hereby DENIED, the majority of requests having been resolved in Defendants' favor.

---

[1] The Court notes that the parties do not appear to have a protective order in place at this time.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 9, 2018.

Marsha J. Pechman
United States District Judge