UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TYRONE JOHNSON,<br><br>      Plaintiff,<br><br>  v.<br><br>CITY OF OLYMPIA, et al.,<br><br>      Defendants. | CASE NO. C17-5403-MJP<br><br>ORDER ON DEFENDANTS' MOTIONS IN LIMINE |

THIS MATTER comes before the Court on Defendants' Motions in Limine. (Dkt. No. 69.) Having reviewed the Motion, the Response (Dkt. No. 73), the Supplemental Memorandum (Dkt. No. 90) and all related papers, the Court ORDERS as follows:

Motions in Limine A, B, C, D, E, J, R and S are not contested, and are GRANTED.

**Motion in Limine F** seeks to exclude evidence or theories not previously disclosed in discovery or properly supplemented. Without any information regarding the specific evidence or theories Defendants seek to exclude, the Court cannot preemptively grant this motion. Defendants' Motion in Limine F is DENIED.

1       **Motion in Limine G** seeks to exclude evidence that Defendants have not called any particular witness to testify. Without any information regarding which witnesses will or will not be called to testify, or which witnesses Defendants seek to preclude Plaintiff from mentioning, the Court cannot preemptively grant this motion. Defendants' Motion in Limine G is DENIED.

      **Motion in Limine H** seeks to exclude arguments and inferences that a verdict will "send a message" or "statement" to the government or otherwise effect a political outcome. Plaintiff notes that punitive damages may be available for his Fourth Amendment claim. Plaintiff may explain that punitive damages are intended to punish and deter behavior, consistent with the language of any punitive damages instruction that may be read to the jury. Defendants' Motion in Limine H is DENIED.

      **Motion in Limine I** seeks to exclude argument regarding the individual officers' subjective intent. While "[t]he subjective intent of the law enforcement officer is irrelevant in determining whether that officer's actions violate the Fourth Amendment," United States v. Perea-Rey, 680 F.3d 1179, 1187 (9th Cir. 2012), the officers subjective intent is relevant to punitive damages. See Smith v. Wade, 461 U.S. 30, 56 (1983) ("[A] jury may be permitted to asses punitive damage in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."). Defendants' Motion in Limine L is DENIED.

      **Motion in Limine K** seeks to exclude evidence of post-incident changes to policy or practice. Post-incident review and resulting changes to policy or practice are subsequent remedial measures, inadmissible to prove negligence or culpable conduct under Fed. R. Evid. 407. See also Maddox v. Los Angeles, 72 F.2d 1408, 1417 (9th Cir. 1986) (excluding evidence of a police department investigation as a subsequent remedial measure in a civil rights suit).

However, such evidence may be relevant for another purpose, such as impeachment. Defendants' Motion in Limine K is DENIED.

**Motion in Limine L** seeks to preclude experts from providing testimony and opinion on matters which can be judged by people of ordinary experience and knowledge. While expert testimony may be excluded where it does not go beyond the expertise of the jury, Beech Aircraft Corp. v. United States, 51 F.3d 834, 842 (9th Cir. 1995), the Court cannot preemptively grant this motion. Defendants Motion in Limine L is DENIED.

**Motion in Limine M** seeks to preclude experts form providing legal conclusions, and in particular, from referring to Defendants' actions as "negligent," "excessive," "unreasonable," or having "violated the constitution." While use of these terms will not be altogether precluded, "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on the ultimate issue of law." Hangarter v. Provident Life and Acc. Ins. Co., 373 F.3d 998, 1016 (9th Cir. 2004). Similarly, "instructing the jury as to the applicable law 'is the distinct and exclusive province of the court.'" Id. (citation omitted). Defendants' Motion in Limine M is GRANTED.

**Motion in Limine N** seeks to preclude experts from basing their opinions on speculation or conjecture. While expert testimony must relate to "scientific, technical, or other specialized knowledge" and may not be based upon "unsupported speculation and subjective beliefs," Guidroz-Brault v. Missouri Pacific R. Co., 254 F.3d 825, 829 (9th Cir. 2001), the Court cannot preemptively grant this motion. Defendants Motion in Limine N is DENIED.

**Motion in Limine O** seeks to preclude experts from weighing the credibility of witnesses. While experts will not be permitted to opine on whether a particular witness is or is not credible, the Court cannot preemptively grant this motion. Defendants Motion in Limine O is DENIED.

**Motion in Limine P** seeks to exclude evidence of prior or subsequent complaints of misconduct, use of force, or disciplinary actions or reports relating to the officers. Evidence of "other acts" may be admissible for purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b); see also Duran v. City of Maywood, 221 F.3d 1127, 1132-33 (9th Cir. 2000). Without any information regarding the specific evidence Defendants seek to exclude, or the purpose for which Plaintiffs seek to introduce such evidence, the Court cannot preemptively grant this motion. Defendants' Motion in Limine P is DENIED.

**Motion in Limine Q** seeks to exclude testimony, evidence, or argument which was not properly pled or which was dismissed on summary judgment. Plaintiffs agree that it would be inappropriate to argue a theory or claim that is not properly before the Court. Without any information regarding the specific evidence Defendants seek to exclude, or the purpose for which Plaintiffs seek to introduce such evidence, the Court cannot preemptively grant this motion. Defendants' Motion in Limine Q is DENIED.

Defendants' Supplemental Memorandum Regarding Plaintiff's Trial Exhibits (Dkt. No. 90) identifies objections to specific trial exhibits related to Motions in Limine K and P. In particular, Defendants object to Plaintiffs' Exhibits 006, 012, 013, 021, 022, 023, 035, 047, 048, 049, 098, 099, 100, 114, and 115 under Fed. R. Evid. 402, 403, and 404(b). After reviewing these exhibits, the Court finds that each is irrelevant and/or inadmissible, and GRANTS Defendants' Motion in Limine with respect to these specific exhibits.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 12, 2018.

Marsha J. Pechman
United States District Judge